

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:09CR106–HEH |
| ) | |
| MANATINO JAQUET MINES ) | |

### MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

On December 24, 2014, the Court received from Manatino Jaquet Mines a motion under 28 U.S.C. § 2255. ("§ 2255 Motion," ECF No. 78.) In his § 2255 Motion, Mines contends that the Court incorrectly sentenced him as a career offender. (§ 2255 Mot. 5.) Mines also requests a reduction in sentence or to be resentenced. (*Id.* at 13.)

### I.  Procedural History

On April 7, 2009, a grand jury charged Mines with possession with intent to distribute 50 grams or more of a mixture or substance containing cocaine base (Count One) and charged Mines and his co-defendant, Terry Anne Evelyn Jackson, with conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing cocaine hydrochloride (Count Two). (Indictment 1–2, ECF No. 9–2.) Mines pled guilty pursuant to a plea agreement to Count One of the Indictment. (Plea Agreement 1, ECF No. 28.) In the Presentence Report ("PSR"), the Probation Officer determined that Mines was a career offender pursuant to United States Sentencing Guidelines Manual ("USSG") § 4B1.1, thus, his total offense level was 34. Mines's criminal history category was VI, resulting in a sentencing guideline range of 262 to 327

months of imprisonment. (*See* Gov't Resp. Pos. Sentencing 1–2, ECF No. 37.) Mines objected to the drug weight, the career offender finding because of the age of two of Mines's prior convictions, and requested a variance sentence. (Pos. Sentencing 1–3, ECF No. 36.) On August 8, 2009, the Court sentenced Mines to 288 months of incarceration. (J. 2, ECF No. 41.) Mines filed an appeal, however, on August 4, 2010, the United States Court of Appeals for the Fourth Circuit granted Mines's motion to voluntarily dismiss his appeal. (ECF No.53.) Since that time Mines has filed at least three motions for reduction in sentence. (ECF Nos. 50, 65, 70.)

## II. Analysis

### A. Request for Resentencing or a Reduction in Sentence

Mines asks the Court to resentence him under the Fair Sentencing Act of 2010.[1] The Court sentenced Mines in 2009. Thus, Mines lacks entitlement to relief because "the Fair Sentencing Act does not apply retroactively to sentences imposed before its enactment in 2010." *United States v. Myers*, --- F. App'x ----, 2015 WL 162162, at *2 (4th Cir. Jan. 14, 2015) (citing *United States v. Bullard*, 645 F.3d 237, 248 (4th Cir. 2011)); *United States v. Snow,* 509 F. App'x 808, 809 (10th Cir. 2013)

Moreover, once a defendant is sentenced, the Court has no inherent authority to reconsider the defendant's sentence. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) (quoting *United States v. Cunningham*, 554 F.3d 703, 708 (7th Cir. 2009)). To the extent Mines wishes to file another motion for a reduction in sentence under 18 U.S.C. § 3582, he may not raise challenges to his original sentence in such a

---

[1] Fair Sentencing Act of 2010, Pub. L. No. 111–120, 124 Stat. 2372.

motion. *See United States v. Dawkins*, 535 F. App'x 307, 308 (4th Cir. 2013) (explaining that challenges to an original conviction and sentence "are not cognizable in a § 3582 proceeding" (citing *United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011))). Motions made by defendants under 18 U.S.C. § 3582 may only raise issues related to retroactive amendments to the United States Sentencing Guidelines. *See* 18 U.S.C. § 3582(c)(2); *United States v. Mann*, 435 F. App'x 254, 255 (4th Cir. 2011). Accordingly, to the extent Mines seeks a reduction in sentence pursuant to any amendment to the United States Sentencing Guidelines, he must file a separate motion for reduction of sentence pursuant to 18 U.S.C. § 3582.

### B. Statute of Limitations

Mines next states, in sum, "Miscarriage of Justice[:] My prior convictions should not have qualified me for the Career Offender status. Career offender over-represents my two prior convictions." (§ 2255 Mot. 5.) To the extent Mines states a claim for relief, his claim is barred by the statute of limitations.

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if

3

        the movant was prevented from making a motion by such governmental action;

(3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Generally, when an appeal has been filed, a conviction becomes final under 28 U.S.C. § 2255(f)(1), when the ninety-day period expires for filing a petition for a writ of certiorari with the United States Supreme Court. *See Clay v. United States*, 537 U.S. 522, 523 (2003). Here, Mines voluntarily dismissed his appeal, thus, he lacked the ability to seek a petition for writ of certiorari with the Supreme Court. The Court finds no controlling authority on the date that a conviction become final when a defendant files an appeal, but voluntarily dismisses such appeal. Nevertheless, the Court need not decide that here, because even affording Mines the ninety-days allowed for filing a petition for a writ of certiorari, his § 2255 Motion is untimely. The Court of Appeals entered judgment and its mandate dismissing his appeal on August 4, 2010. Mines failed to file his § 2255 Motion until December 17, 2014[2] at least three years beyond the expiration of the one-year limitations period. Thus, the statute of limitations bars the § 2255 Motion unless

---

[2] The Court deems the § 2255 Motion filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

Mines demonstrates entitlement to a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2)–(4) or equitable tolling.

Mines states that his § 2255 Motion is timely because "it wasn't clear to me that my prior convictions didn't meet the career offenders status until now." (§ 2255 Mot. 13.) However, arguments of this ilk fail to provide a basis for a belated commencement of the limitations period or equitable tolling. *See Owens v. Boyd*, 235 F.3d 356, 359–60 (7th Cir. 2000) (explaining that the limitation period triggered from the inmate's "discovery of the claim's 'factual predicate[,']" not from inmate's "recognition of the facts' legal significance"). Thus, neither Mines nor the record demonstrates any basis for a belated commencement of the limitation period or equitable tolling. Accordingly, Mines's claim is untimely and will be dismissed as barred by the relevant statute of limitations.

Accordingly, Mines's 28 U.S.C. § 2255 motion (ECF No. 78) will be denied. A certificate of appealability will be denied.[3]

The Clerk is DIRECTED to send a copy of this Memorandum Order to Mines.

It is so ORDERED.

Date: March 24, 2015
Richmond, Virginia

/s/
Henry H. Hudson
United States District Judge

---

[3] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Mines has not satisfied this standard.